**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALTER S. BARCLAY AGENCY INC., t/a THE BARCLAY GROUP, AND GENERAL INSURANCE COMPANY OF AMERICA as assignees of M. MICHNIK ENTERPRISES INC.<br><br>Plaintiffs<br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY<br><br>Defendant | **Civil Action No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, and BAD FAITH** |

Plaintiffs Walter S. Barclay Agency Inc., t/a The Barclay Group, (hereinafter, Barclay) and General Insurance Company of America, (General), as assignees of M. Michnik Enterprises Inc. and collectively (plaintiffs), by way of complaint for declaratory judgment, and breach of contract, including breach of the covenant of good faith and fair dealing, aver as follows:

**VENUE AND JURISDICTION**

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. ¶ 1332(a)(1) as the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. This court has subject matter jurisdiction pursuant to Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201-2202 as the matter in controversy concerns the interpretation and application of the terms and conditions in an insurance contract.

3. New Jersey is the proper venue as the insurance contract was issued to a New Jersey resident, and the underlying automobile accident took place in the State of New Jersey.

1

**THE DISPUTE**

4. Plaintiff Barclay is an insurance and financial services business and maintains a principal place of business located at 202 E Broad St, Riverton, New Jersey 08077.

5. Plaintiff General is an insurance company licensed to issue insurance policies in the State of New Jersey and maintains a principal place of business located 62 Maple Avenue, Keene, New Hampshire, US 03431.

6. Upon information and belief, defendant Government Employees Insurance Company ("GEICO") is a duly organized insurance company licensed to issue insurance policies in the State of New Jersey and maintains a principal place of business located at 5260 Western Ave., Chevy Chase, MD 20815.

7. This declaratory judgment and breach of contract action arises out of a multi vehicle accident that took in the state of New Jersey on July 8, 2014.

8. Defendant GEICO issued a New Jersey Family Automobile Insurance Policy personal automobile policy (hereinafter the policy) to Jenna M. Lomastro who resided, at all times relevant to this litigation, at 100 Barron Circle, Somerset, New Jersey.

9. The policy is further identified as bearing policy number 4288-50-94-84 with a policy period of May 24, 2014 through November 24, 2014.

10. At the time of the accident Jenna Lomastro was driving a vehicle insured under the policy.

11. Several bodily injury lawsuits were filed against Ms. Lomastro and her employer M. Michnik Enterprises Inc., by the operators and occupants of the other vehicles involved in the accident (hereinafter, underlying lawsuits).

12. At the time of the accident Ms. Lomastro was operating her vehicle during and in the scope and course of her employment for M. Michnik Enterprises Inc.

13. The policy insured M. Michnik Enterprises pursuant to the following provision:

PERSONS INSURED:

Section l applies to the following as *insureds* with regard to *an owned auto:*

*1. You and your relatives,*

2. Any other person using the auto with your permission. The actual use must be within the scope of that permission;

3. Any other person or organization for his or its liability because of acts or omissions *of an insured* under 1. or 2. above.

Section 1 applies to the following with regard to *a non-owned auto;*

1. (a) You;

(b) *Your relatives when using a private passenger auto, utility auto, farm auto, or trailer.*

Such use *by you or your relatives* must be with the permission, or reasonably believed to be with the permission of the owner and within the scope of that permission.

2. A person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of *an insured* under 1. above. The coverage limits stated in the Declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence. **Exhibit A**

14. M. Michnik Enterprises Inc., was a defendant in the underlying bodily injury lawsuits and a "person insured" by the GEICO policy.

15. M. Michnik Enterprises requested a defense and indemnification for the underlying lawsuits from GEICO under correspondence to GEICO dated August 2, 2017. **Exhibit B**

16. GEICO, after six months of unreasonable delay, acknowledged its coverage obligation to M. Michnik Enterprises Inc. and advised by letter dated January 27, 2018 that it would defend/indemnify M. Michnik Enterprises Inc.  **Exhibit C.**

17. GEICO did not issue or failed to issue a proper reservation of rights with regard to any coverages under the policy at issue including but not limited to any potential or actual reductions or limitations in any coverage limits.

18. Despite GEICO's admission of its coverage obligation, and representation that it would defend no defense or indemnification has been provided to M. Michnik Enterprises with regard to the underlying lawsuits.

19. Plaintiff's have provided GEICO with numerous opportunities and ample time to satisfy its contractual obligations and yet GEICO simply delays.

20. The actions and omissions of GEICO constitute a breach of the policy.

21. GEICO has no reasonable basis to delay and deny its obligation and is fully aware that it has no reasonable basis to do so.

22. The actions and omissions of GEICO constitute a breach of the covenant of good faith and fair dealing implicit in every contract enforceable in the State of New Jersey.

23. As a direct consequence of GEICO's breach, M. Michnik Enterprises sustained damages in the form of lost insurance proceeds, and was required to incur costs related to the defense of the underlying lawsuits and indemnification related to the settlement of the underlying lawsuits.

24. GEICO's knowing and unreasonable breach of the duty of good faith and fair dealing has required the filing of this lawsuit and the need to incur the costs and time incident to its prosecution.

25. On or about June 7, 2018, M. Michnik Enterprises Inc., executed an Assignment of Claims and Mutual Release ("Assignment") in favor of Barclay and General.

26. M. Michnik Enterprises Inc., partially assigned and transferred its rights, interests, claims and causes of action against GEICO to the plaintiffs.

27. Said assignment is a partial assignment that applies to causes of action existing and/or arising on August 2, 2017 and through the present.

28. There exists a real and justiciable dispute between GEICO and M. Michnik Enterprises Inc., and plaintiffs via assignment relating to GEICO's obligations and contributions past due and now owed in relation to the underlying lawsuits.

29. M. Michnik Enterprises Inc., specifically preserved its rights to seek coverage from GEICO for costs, attorney fees and amounts paid for the underlying lawsuits that were incurred prior to August 2, 2017.

WHEREFORE, Plaintiffs respectfully demand judgment against defendant GEICO requesting the following relief:

a. An order declaring that defendant GEICO is obligated to indemnify plaintiffs, as assignees under the Assignment, for attorneys fees, costs, sums and expenses incurred and paid for the defense and settlement of the underlying lawsuits from August 2, 2017 through the present; and

b. Attorneys fees, costs, sums and expenses incurred by plaintiffs in the instant Declaratory Judgment action; and

c. An order declaring that GEICO is in breach of the policy, and

d. Consequential and compensatory damages

e. Any other relief the court may deem just an equitable.

f. Exemplary damages.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues.

                        MARSHALL, DENNEHEY, WARNER,
                        COLEMAN & GOGGIN

                            */S/DAVID D. BLAKE*
              BY:_____
                        DAVID D. BLAKE, ESQUIRE
                        Attorney for plaintiffs Walter S. Barclay Agency Inc.,
                        t/a The Barclay Group and General Insurance
                        Company of America

LEGAL/116193345.v1